**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**MARTIN JONASSEN** **PLAINTIFF**
**Reg. #11817-027**

**V.** **NO. 2:26-cv-00084-BSM-ERE**

**BOP, *et al.*** **DEFENDANTS**

**ORDER**

*Pro se* plaintiff Martin Jonassen, a federal inmate housed at the Federal Correctional Facility – Forrest City Low ("FCI-FC"), filed this civil lawsuit. *Docs. 1, 3, 6, 14, 29, 30*. Mr. Jonassen titled his original complaint "2241, 18 USC 3626, 3582, 42 USC 1983, Class Action, Habeas, ETC."[1] *Doc. 1 at 1*. I previously provided Mr. Jonassen an opportunity to amend his complaint to clarify his claims. *Doc. 15*. Mr. Jonassen has now filed an amended complaint and a supplement to his amended

[1] Because Mr. Jonassen is a federal inmate he may not pursue a claim under 42 U.S.C. § 1983 for violation of his constitutional rights. Section 1983 only applies to constitutional violations committed by state actors. However, Mr. Jonassen may pursue a claim for violation of his constitutional rights under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

In addition, if Mr. Jonassen challenges the duration of his sentence or seeks release from custody, he must pursue his claim in a federal habeas case under 28 U.S.C. § 2255 after presenting his claim to the BOP. *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (internal citation omitted), *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) (an inmate seeking to challenge the lawfulness of the imposition of his federal conviction and sentence must generally bring a motion to the sentencing court). Generally, a federal prisoner cannot bypass the requirements of 2255 by filing a habeas action under 2241's "savings clause." *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (a 2241 petition cannot be used to raise an issue which could have been, or actually was, raised in a direct appeal or a 2255 motion in the sentencing court).

complaint. *Docs. 29, 30*. However, neither of those pleadings clarify Mr. Jonassen's claims. Rather, in Mr. Jonassen's second amended complaint, he includes additional statutes under which he seeks to proceed, including RLUIPA, RFRA, and FTCA, but he alleges no facts to support violations of these statutes. *Doc. 29 at 1*. As a result, I will provide Mr. Jonassen a second and final opportunity to file an amended complaint clarifying his claims and explaining what type of lawsuit he is pursuing in this case.

Mr. Jonassen has thirty days to file a second amended complaint. If Mr. Jonassen files a second amended complaint, he should: (1) specify what type of action he seeks to proceed on in this lawsuit; and (2) explain what relief he seeks from the Court. If Mr. Jonassen seeks to proceed on a *Bivens* claim, he must: (1) identify and name as a Defendant each individual who violated his constitutional rights; (2) state what injury he suffered as a result of each Defendant's conduct; and (3) only include related claims.[2]

Mr. Jonassen's second amended complaint, if filed, will supersede or replace the current complaints. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir.

---

[2] Mr. Jonassen is again advised that he may not pursue multiple claims that are factually and legally unrelated in a single lawsuit. FED. R. CIV. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences," and involve "any question of law or fact common to all defendants"). He is free to file multiple lawsuits to pursue numerous unrelated constitutional violations, but he can't pursue them all in a single lawsuit.

2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Jonassen should make sure that his second amended complaint includes all allegations relevant to any claim he wants to pursue in this lawsuit. Mr. Jonassen should not rely upon, or incorporate by reference, any allegations made in the current complaints. In other words, Mr. Jonassen's second amended complaint, if filed, will stand alone.

Finally, in his second amended complaint, Mr. Jonassen need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

For the reasons explained above,

IT IS HEREBY ORDERED THAT:

1. Mr. Jonassen may file a second amended complaint within thirty (30) days of the entry of this Order.

2. If Mr. Jonassen fails to file a second amended complaint, the Court will screen the current complaints, which is likely to result in the dismissal, without prejudice, of the claims raised in this case.

SO ORDERED 5 August 2026.

UNITED STATES MAGISTRATE JUDGE